Sanaz Sarah Bereliani Esq. (CA Bar No. 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
(310) 882-5482-Voice
(888) 876-0896-Facsimile
sanaz@berelianilaw.com-Email

Attorney for Plaintiff,
MEHRAN JAVAHERIAN

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY

| | |
|---|---|
| In Re : | ) **Case No.: 1:25-bk-10617-MB** |
| | ) |
| | ) **Chapter 7** |
| HOVHANNES NAZARYAN; | ) |
| | ) **Adv. No.:** _____ |
| | ) |
| Debtor. | ) |
| | ) |
| | ) **ADVERSARY COMPLAINT FOR:** |
| | ) **(1) DECLARATORY JUDGMENT** |
| | )   [28 U.S.C. §2201; 11 U.S.C. §§105(a), 363(m); |
| _____ | )   Fed. R. Bankr. P. 7001(9)]; AND |
| | ) |
| MEHRAN JAVAHERIAN, | ) |
| | ) **(2) INJUNCTIVE RELIEF** |
| | )   [11 U.S.C. §105(a); Fed. R. Bankr. P. 7001(7)] |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **Status Conference:** |
| | ) Date:      TBD |
| HOVHANNES NAZARYAN; | ) Time:      TBD |
| | ) Place:     Courtroom 303 |
| | )              21041 Burbank Blvd |
| Defendant. | )              Woodland Hills, CA 91367 |
| | ) |
| | ) |
| _____ | Judge: Hon. Martin R. Barash |

///

///

1

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff Mehran Javaherian ("Plaintiff" or "Javaherian"), a secured creditor of the bankruptcy estate and counterparty to the Sale Stipulation approved by this Court, brings this adversary proceeding against Hovhannes Nazaryan, the above-captioned debtor ("Defendant" or "Debtor"), and alleges as follows:

## CORE PROCEEDING

1. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) (matters concerning administration of the estate); §157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay); §157(b)(2)(N) (orders approving the sale of property); and §157(b)(2)(O) (other proceedings affecting the liquidation of the assets of the estate). Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Local Bankruptcy Rule 7008-1, Plaintiff consents to the entry of final orders and judgment by the United States Bankruptcy Court.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. The matters at issue "arise under," "arise in," and are "related to" the above-captioned bankruptcy case (the "Bankruptcy Case").

3. This Court has continuing jurisdiction to interpret, enforce, and implement its prior orders, including the Sale Order described below. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders"); *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934).

4. Venue is proper in this District and Division pursuant to 28 U.S.C. §§1408 and 1409, because this adversary proceeding arises in and relates to the Bankruptcy Case, which is pending in this Court.

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

## PARTIES

5.  Plaintiff Mehran Javaherian is an individual residing in California. Plaintiff is a secured creditor of the bankruptcy estate, holds a deed of trust encumbering the real property at 24366 La Masina Court, Calabasas, California 91302 (the "Property"), and is the counterparty to the Sale Stipulation approved by this Court.

6.  Defendant Hovhannes Nazaryan is the debtor in the above-captioned Chapter 7 case. Defendant is currently housed at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505.

## GENERAL ALLEGATIONS

7.  On April 14, 2025, Defendant filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (Dkt. 1). The Bankruptcy Case remains open. Anita Khachikyan of Khach Law Group, PC has appeared as counsel of record for Defendant at all relevant times.

8.  On the petition date, all of Defendant's legal and equitable interests in the Property and the personal property located thereon became property of the Estate. 11 U.S.C. §541(a)(1); *see Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986).

9.  In his Schedule A/B and Schedule C, signed under penalty of perjury, Defendant identified the personal property at the Property as "used household goods" valued at $1,000 and claimed a $1,000 exemption against that property.

10. On May 27, 2025, Plaintiff filed a Motion for Relief from the Automatic Stay as to the Property (Dkt. 37) (the "MFR"), supported by declarations establishing his deed of trust against the Property and the absence of equity. The Trustee opposed the MFR (Dkts. 52, 53, 80).

11. On June 25, 2025, the Trustee, Nancy J. Zamora (the "Trustee"), filed her Motion to Sell Property of the Estate Free and Clear of Liens under 11 U.S.C. §363(f) (Dkt. 63) (the "Sale Motion"),

3

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

seeking authority to sell the Property free and clear of Plaintiff's deed of trust. Plaintiff opposed the Sale Motion (Dkt. 79).

12. On July 18, 2025, the Trustee and Plaintiff filed the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Dkt. 94) (the "Sale Stipulation"), pursuant to which Plaintiff paid $120,000 to the bankruptcy estate. The Sale Stipulation resolved both the MFR and the Sale Motion, granting Plaintiff relief from the automatic stay to exercise his state-law rights under his deed of trust upon final payment and finality of the order, and transferring the estate's interest in the personal property at the Property to Plaintiff.

13. On July 18, 2025, this Court entered its Order Approving Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Dkt. 96) (the "Sale Order"), approving the Sale Stipulation "in its entirety."

14. Defendant was represented by counsel of record at all times during the negotiation, noticing, and approval of the Sale Stipulation. Defendant did not object to the Sale Stipulation, did not appeal the Sale Order, and did not seek a stay pending appeal.

15. Plaintiff paid the $120,000 consideration in full and the transaction was consummated. The Trustee filed her Report of Sale/Settlement on August 7, 2025 (Dkt. 103). Plaintiff is, and was at all relevant times, a good-faith purchaser within the meaning of 11 U.S.C. §363(m).

16. After the Sale Order was entered, Defendant filed a renewed Motion to Dismiss the Bankruptcy Case (Dkt. 89), which the Bankruptcy Court denied (Dkt. 105). On September 12, 2025, the United States Trustee filed an adversary complaint (Adv. Proc. No. 1:25-ap-01058) (the "Discharge Adversary") objecting to Defendant's discharge under 11 U.S.C. §§727(a)(2), (a)(3), (a)(4), (a)(5), and (a)(6) (Dkt. 114). The Discharge Adversary remains pending.

4

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

17. On December 11, 2025, the Trustee filed her Final Report (Dkt. 135). On January 7, 2026, the Bankruptcy Court entered its Order of Distribution (Dkt. 139).

18. On September 3, 2025, Defendant's then-counsel, Anita Khachikyan of Khach Law Group, PC, sent a written demand to Plaintiff's bankruptcy counsel, Raymond H. Aver, Esq., requesting return of one item of personal property (a Petrof Chippendale grand piano). The same day, Mr. Aver responded in writing, declined the demand, and explained that the estate's interest in the personal property had been sold to Plaintiff under the Sale Stipulation.

19. On April 8, 2026, Defendant - appearing pro se from federal prison - filed a verified Complaint in the Superior Court of the State of California, County of Los Angeles, captioned *Nazaryan v. Javaherian, et al.*, Case No. 26VECV02080 (the "State Court Action"), asserting seven causes of action against Plaintiff: (1) Conversion; (2) Trespass to Chattels; (3) Unjust Enrichment / Restitution; (4) Declaratory Relief; (5) Wrongful Foreclosure; (6) Cancellation of Written Instruments; and (7) Quiet Title.

20. The State Court Action expressly attaches the Sale Stipulation as Exhibit A and references the Bankruptcy Case by case number. The Complaint alleges that the personal property the Estate sold to Plaintiff under the Sale Stipulation has a fair market value "exceed[ing] $250,000 and may exceed $300,000" - notwithstanding that Defendant himself scheduled the same property at $1,000 under penalty of perjury and claimed a $1,000 exemption against it.

21. The State Court Action expressly alleges that the Sale Stipulation was the product of "a process infected by unfairness, procedural defect, lack of notice, gross undervaluation of personal property, and abuse of Plaintiff's inability to protect himself while incarcerated." Each cause of action seeks, in substance, to undo or extract value from the very Sale Order this Court entered.

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

22. On April 10, 2026, Defendant caused a Notice of Pendency of Action to be recorded with the Los Angeles County Recorder against the Property in connection with the State Court Action (the "Lis Pendens").

23. On May 12, 2026, Plaintiff's counsel served Defendant with a written demand that he withdraw or cause to be expunged the Notice of Pendency of Action and voluntarily dismiss the State Court Action with prejudice. The demand was served by United States Mail and Certified Mail, return receipt requested, on May 13, 2026, at Defendant's address at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505, and set a deadline of May 22, 2026. Defendant did not respond, and the deadline has passed. The State Court Action remains pending. Plaintiff brings this adversary proceeding to enforce the Sale Order and to enjoin Defendant's continued prosecution of the State Court Action, which constitutes an impermissible collateral attack on the Sale Order.

24. Each cause of action in the State Court Action arises out of, and seeks to undo, the Sale Stipulation and Sale Order this Court approved. The Conversion, Trespass to Chattels, and Unjust Enrichment counts seek the value of personal property the Estate transferred to Plaintiff. The Wrongful Foreclosure, Cancellation of Written Instruments, Declaratory Relief, and Quiet Title counts seek to invalidate the very instruments and transactions authorized by the Sale Stipulation and Sale Order, including the resolution of Plaintiff's MFR and the deed of trust pursuant to which Plaintiff exercises his state-law foreclosure rights.

25. Each of Defendant's causes of action is foreclosed as a matter of law:

    a. By 11 U.S.C. §363(m), because the Sale Order was not appealed or stayed and Plaintiff is a good-faith purchaser. *See In re Filtercorp, Inc.*, 163 F.3d 570, 576–78 (9th Cir. 1998); *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 279–81 (9th Cir.

6

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

1992); *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988).

    b. By judicial estoppel, because Defendant's sworn $1,000 valuation in his Schedules cannot be reversed for litigation advantage. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–85 (9th Cir. 2001); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992).

    c. By Defendant's lack of standing to prosecute claims that were Estate property as of the petition date and were sold or settled by the Trustee under the Sale Order. *See* 11 U.S.C. §541(a)(1); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986).

    d. By the rule against impermissible collateral attacks on final orders. *See Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152–54 (2009).

26. Defendant's continued prosecution of the State Court Action and maintenance of the Lis Pendens cause Plaintiff immediate and ongoing harm: (a) the Lis Pendens clouds title to the Property and impairs Plaintiff's ability to refinance, sell, encumber, or foreclose under his deed of trust pursuant to the rights this Court authorized in the Sale Order; (b) Plaintiff is forced to defend seven causes of action in another forum that should have been resolved (or never raised) within the Bankruptcy Case; and (c) absent injunctive relief, Defendant may file additional duplicative actions or record additional encumbrances.

27. Plaintiff has no adequate remedy at law for the harms identified in Paragraph 26. Money damages cannot remedy the impairment of title or the dilution of the finality protections that this Court's Sale Order was intended to confer.

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

## I.

## FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT

*[28 U.S.C. §2201; 11 U.S.C. §§105(a), 363(m); Fed. R. Bankr. P. 7001(9)]*

28. Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

29. An actual case or controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. §2201 concerning the validity, finality, and enforceability of the Sale Order and Plaintiff's rights as a secured creditor and Section 363 purchaser.

30. Plaintiff seeks a declaratory judgment establishing the following:

　　a. The Sale Order (Dkt. 96) is final, was not appealed, and was never stayed pending appeal;

　　b. Plaintiff purchased the Estate's interest in the personal property at the Property in good faith and for value, and is entitled to the protections of 11 U.S.C. §363(m);

　　c. Plaintiff's relief from the automatic stay pursuant to the Sale Stipulation and Sale Order is final, and Plaintiff's deed of trust against the Property is unimpaired by Defendant's claims in the State Court Action;

　　d. Title to the personal property at the Property is vested in Plaintiff free and clear of any adverse claim asserted by Defendant in the State Court Action or otherwise;

　　e. The State Court Action constitutes an impermissible collateral attack on the Sale Order;

　　f. Defendant lacks standing to prosecute the claims asserted in the State Court Action because those claims were property of the Estate under 11 U.S.C. §541(a)(1) and were resolved by the Sale Order; and

　　g. The Notice of Pendency of Action recorded by Defendant on April 10, 2026 is void and unenforceable, and must be expunged or withdrawn of record.

8

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

31. A judicial declaration is necessary and appropriate at this time so that Plaintiff may enforce the Sale Order, realize the protections of §363(m), and protect his rights to the Property and personal property without further interference by Defendant.

**II.**

**SECOND CLAIM FOR RELIEF – INJUNCTIVE RELIEF**

*[11 U.S.C. §105(a); Fed. R. Bankr. P. 7001(7), 7065]*

32. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

33. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. §105(a). The Ninth Circuit has confirmed that §105(a) authorizes a bankruptcy court to enjoin actions that threaten the integrity of estate administration or undermine the court's prior orders. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093–95 (9th Cir. 2007); *Celotex Corp. v. Edwards*, 514 U.S. 300, 308–11 (1995).

34. Plaintiff is entitled to permanent injunctive relief because: (a) Plaintiff will succeed on the merits, as Defendant's claims are foreclosed by 11 U.S.C. §363(m), judicial estoppel, lack of standing, and the bar against collateral attack on final orders; (b) Plaintiff is suffering and will continue to suffer irreparable harm absent an injunction, in the form of impaired title, dilution of the statutory finality protections of §363(m), and the prospect of duplicative litigation in multiple forums; (c) the balance of equities favors Plaintiff, who paid full consideration for the Estate's interest and is now defending an attempt by the Debtor to extract a second recovery from the same property; and (d) the public interest favors enforcement of bankruptcy sale orders and the protection of good-faith purchasers under §363(m).

35. Plaintiff therefore seeks a permanent injunction (a) enjoining Defendant, and any person acting in concert with him, from prosecuting the State Court Action or any other action, in any court, that constitutes a collateral attack on the Sale Order; (b) enjoining Defendant from recording any

9

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

further notice of pendency of action or other encumbrance against the Property based on, or relating to, the matters resolved by the Sale Order; and (c) directing Defendant to cause the Notice of Pendency of Action recorded on April 10, 2026 to be expunged or withdrawn of record forthwith.

36.    Plaintiff reserves the right to seek temporary and preliminary injunctive relief to the same effect by separate motion, pursuant to Federal Rule of Bankruptcy Procedure 7065 and Local Bankruptcy Rule 7065-1, pending entry of judgment in this adversary proceeding.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Mehran Javaherian respectfully prays that the Court enter judgment in his favor and against Defendant Hovhannes Nazaryan as follows:

1.    On the First Claim for Relief, entering a declaratory judgment on each of the matters set forth in Paragraph 30 above;

2.    On the Second Claim for Relief, entering a permanent injunction granting the relief described in Paragraph 35 above;

3.    Awarding Plaintiff his attorney's fees and costs of suit to the extent permitted by law;

4.    Granting such further and additional relief as the Court deems just and proper.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

Dated: June 1, 2026                    By:  _/s/ Sanaz Sarah Bereliani_____
                                                          Sanaz Sarah Bereliani, Esq.
                                                          Attorney for Plaintiff,
                                                          MEHRAN JAVAHERIAN

10

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>MEHRAN JAVAHERIAN | DEFENDANTS<br><br>HOVHANNES NAZARYAN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>**Sanaz Sarah Bereliani, Esq., Bereliani Law Firm, PC**<br>**12100 Wilshire Blvd, 8th FL, LA CA 90025 // 310-882-5482** | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor □ U.S. Trustee/Bankruptcy Admin<br>X Creditor □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>X Debtor □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**(1) Declaratory Judgment under 28 USC 2201 & 11 USC 105(a) & 363(m) that the Court's Sale Order is final & enforceable & that the debtor's state-court action is an impermissible collateral attack; and (2) Injunctive Relief under 11 USC 105(a) enjoining the Debtor's Collateral Attack**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
X 71-Injunctive relief – imposition of stay
X 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
X 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ **Injunctive & Declaratory Reiief** |

Other Relief Sought

**Attorney's Fees and Costs to the extent permitted by law; such other relief as is just.**

**B1040 (FORM 1040) (12/24)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>  Hovhannes Nazaryan | BANKRUPTCY CASE NO.<br>  1:25-bk-10617-MB | |
| DISTRICT IN WHICH CASE IS PENDING<br>  **Central District of California** | DIVISION OFFICE<br>  **San Fernando Valley** | NAME OF JUDGE<br>  **Hon. Martin R. Barash** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>  **United States Trustee** | DEFENDANT<br>  **Hovhannes nazaryan** | ADVERSARY PROCEEDING NO.<br>  **1:25-ap-01058** |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>  **Central District of California** | DIVISION OFFICE<br>  **San Fernando Valley** | NAME OF JUDGE<br>  **Hon. Martin R. Barash** |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>  **June 1, 2026** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>  **Sanaz Sarah Bereliani, Esq.** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.