| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Sanaz Sarah Bereliani<br>Bereliani Law Firm, PC<br>12100 Wilshire Blvd, 8th Floor<br>Los Angeles, CA 90025<br><br>310–882–5482<br><br><br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY

| In re:<br><br><br>Hovhannes Nazaryan<br><br><br><br><br>Debtor(s). | CASE NO.: 1:25–bk–10617–MB<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 1:26–ap–01031–MB |
|---|---|
| MEHRAN JAVAHERIAN<br><br><br><br>Plaintiff(s)<br>Versus<br><br>Hovhannes Nazaryan<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **07/02/2026.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

      **Date:**             **August 27, 2026**
      **Time:**             **01:30 PM**
      **Hearing Judge:**   **Martin R. Barash**
      **Location:**        **21041 Burbank Blvd, Crtrm 303, Woodland Hills, CA 91367**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*               Page 1            **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>June 2, 2026</u>

By: <u>    "s/" Julie Cetulio    </u>

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004–1.SUMMONS.ADV.PROC**

## STATUS CONFERENCE PROCEDURES
## FOR THE HON. MARTIN R. BARASH

The Court holds status conferences in all adversary proceedings and in chapter 11 cases.  An initial status conference in adversary proceedings will be set for a date that is approximately 60 days after commencement of the proceeding.  An initial status conference in chapter 11 cases will be set for a date that is approximately 30-40 days after the case is filed.

The trial counsel for each of the parties must appear at the initial status conference in adversary proceedings.  The debtor, counsel to the debtor, and counsel to any creditors committee or equity committee appointed in the case must appear in person at the initial chapter 11 status conference.  Unless otherwise ordered by the Court, parties and counsel may attend subsequent status conferences telephonically in accordance with Judge Barash's telephonic appearance procedures.[1]

A copy of these instructions must be attached to every complaint served in an adversary proceeding.  The party serving such complaint must attach as Exhibit A hereto a copy of Local Bankruptcy Rules ("LBR") Form F 7016-1.STATUS.REPORT.   The proof of service for the complaint must expressly indicate that a copy of these instructions was served with the complaint.

## I.   STATUS REPORTS: ADVERSARY PROCEEDINGS

A thorough, written status report, filed fourteen days in advance, is required before **every initial or continued** adversary proceeding status conference.

For adversary proceeding status conferences, the status report must be a joint status report in a form substantially similar to LBR Form F 7016-1.STATUS.REPORT.  This form is available on the Court's website.  Failure to file a joint status report may result in the imposition of monetary sanctions or the status conference being continued and parties being ordered to redo the status report to conform to the Local Bankruptcy Rule Form.

Pursuant to LBR 7016-1(a)(3), if a defendant has not responded to the complaint or fails to cooperate in the preparation of a joint status report, the plaintiff is required to file a unilateral status report not less than seven days before the date scheduled for the status conference.  This unilateral status report must contain the information in Sections A–E of LBR F 7016-1.STATUS.REPORT.  The unilateral status report shall include a declaration setting forth the attempts made by the plaintiff to contact or obtain the cooperation of the defendant in the preparation of a joint status report.

---

[1] These procedures available on the Court's website, www.cacb.uscourts.gov, by clicking on the "Judges" menu, selecting "Our Judges," selecting Hon. Martin R. Barash, and thereafter selecting the "Instructions/ Procedures" tab.

## A. Limited Exceptions Where Status Report Not Required.

A status report (either joint or unilateral) is not required *only* in the following limited circumstances:

1. The matter is an adversary proceeding and, prior to the date scheduled for the status conference, the Court has entered an order approving a stipulation that resolves all issues raised by the adversary proceeding and provides either for dismissal of the action in its entirety or the entry of judgment in the action;

2. Prior to the date scheduled for the status conference, the Court has entered an order approving a stipulation continuing the status conference to a later date (a written status report must be filed not less than fourteen days in advance of the continued status conference date); or

3. The Court has expressly relieved the parties of the obligation to file a written status report.

**Unless one of the three exceptions outlined above applies, a status report must be filed in a timely manner.  Parties that fail to do so will be subject to a minimum sanction of $150 or such other sanctions as may be warranted under the circumstances or allowed under LBR 7016-1(f).**

**Failure to appear for a status conference in an adversary proceeding may also result in a minimum sanction of $250, dismissal of the adversary proceeding for failure to prosecute, or such other sanctions as may be warranted under the circumstances or allowed under LBR 7016-1(f).**

## B. OTHER PROCEDURAL MATTERS RE: ADVERSARY PROCEEDINGS

### 1. Default

If a response to the complaint is not timely filed, the plaintiff should file a request for entry of default by the clerk. The plaintiff also may request entry of a default judgment by filing and serving (if necessary) an appropriate motion.  *See* Fed. R. Bankr. P. 7055 and LBR 9021-1(d); LBR 7055-1.  Upon the filing of such a motion, the plaintiff shall concurrently lodge a proposed form of default judgment.

### 2. Authority to Enter Final Judgment

Any party contending that the Court cannot enter a final judgment or order in an adversary proceeding must file and serve a memorandum of points and authorities and evidence in support of its position no less than fourteen days before the initial status conference.  **Failure to timely file and serve such memorandum and evidence in support thereof will be deemed consent to entry by the Court of a final judgment or order in the Adversary Proceeding.**

Any responsive memorandum and evidence in support of the Court's authority to enter a final judgment or order in an adversary proceeding must be filed at least seven days before the initial status conference.

### 3. Jury Trial

Any party claiming a right to trial by jury must make a timely demand as set forth in LBR 9015-2. Any party asserting a right to a jury trial must file and serve a memorandum of points and authorities and evidence in support of its position no less than fourteen days before the initial status conference. Any response must be filed at least seven days before the initial status conference. **If a party does not file and serve its papers in a timely manner, that failure may be deemed consent to whatever determination the Court makes.**

### 4. Scheduling Order.

Unless otherwise ordered by the Court, within seven days after the initial status conference, the plaintiff must lodge a scheduling order consistent with the Court's determinations at that status conference.

## II. STATUS REPORTS: CHAPTER 11 CASES

A thorough, written status report, filed fourteen days in advance, is required before **every initial or continued** chapter 11 status conference, unless the Court has expressly relieved the Debtor of the obligation to file a written status report. Failure to do so may result in sanctions including dismissal, conversion, or the appointment of a trustee. Unless otherwise ordered by the Court, each chapter 11 status report must contain the following:[2]

A. A brief description of the Debtor's business and operations, if any, and the principal assets and liabilities of the estate.

B. Brief answers to the following questions:

   1. What precipitated the filing of this case?

   2. What does the Debtor hope to accomplish in this case?

   3. What are the principal business and financial problems facing the Debtor and how does the Debtor intend to address these problems?

   4. What are the main legal disputes facing the Debtor and likely to be encountered during this case, and how does the Debtor recommend that these disputes be resolved?

   5. What is the Debtor's estimate regarding timing for confirmation of a plan?

   6. Is the Debtor a "health care business" as defined in 11 U.S.C. § 101(27A)?

   7. Is the Debtor a small business debtor as defined in 11 U.S.C. § 101(51D)?

---

[2] Subsequent chapter 11 status reports should be sure to highlight changes and developments since the previous chapter 11 status report.

8. Is this case a single asset real estate case as contemplated in 11 U.S.C. §101(51B)?

9. Has the Debtor complied with all of its duties under 11 U.S.C. §§ 521, 1106, 1107, F.R.B.P. 1007 and all applicable guidelines of the Office of the United States Trustee?

10. Do any parties claim an interest in cash collateral of the Debtor? Is the Debtor using cash that any party claims as its cash collateral, and if so, on what date did the Debtor obtain an order authorizing the use of such cash or the consent of the party?

C. The identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered regarding such applications (if any), and a general description of the services to be rendered by each such professional. The initial status report should include an estimate of the expected amount of compensation for each professional. Subsequent status reports should provide estimates of the amounts actually incurred, as well as updated estimates of the additional fees and expenses anticipated.

D. In operating cases, evidence regarding projected income, expenses, and cash flow. In the initial status report, this should cover the first six months of the case and contain a comparison to actual results for the 12 months preceding the filing of the case. In subsequent reports, this should show actual performance during the case, a comparison to the Debtor's postpetition budget, and a projection of six months going forward.

E. In the initial status report, proposed deadlines for the filing of claims and objections to claims. In subsequent reports, the status of efforts to resolve and/or object to claims.

F. A discussion of the unexpired leases and executory contracts to which the Debtor is a party, including the Debtor's intentions, a proposed timetable for addressing such leases and contracts, and the status of those efforts.

G. In the initial status report, whether the Debtor anticipates the sale of any estate assets by motion or in connection with a plan. In subsequent reports, the status of those efforts.

H. In the initial status report, a proposed deadline for the filing of a disclosure statement and plan, as well as a description any progress made towards developing and/or negotiating a plan. In subsequent reports, the status of those efforts.

EXHIBIT A


(The plaintiff shall attach a copy of Local Rule Form
F 7016-1.STATUS.REPORT here)

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  \*\*SELECT DIVISION\*\***

| In re: | |
|---|---|
| | CASE NO.: |
| | ADVERSARY NO.: |
| | CHAPTER: |
| Debtor(s). | |

| | **JOINT STATUS REPORT**<br>**[LBR 7016-1(a)(2)]** |
|---|---|
| Plaintiff(s). | DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
| vs. | |
| Defendant(s). | |

The parties submit the following JOINT STATUS REPORT in accordance with LBR 7016-1(a)(2):

**A.  PLEADINGS/SERVICE:**

1.  Have all parties been served with the complaint/counterclaim/cross-claim, etc.         ☐ Yes    ☐ No
    (Claims Documents)?

2.  Have all parties filed and served answers to the Claims Documents?           ☐ Yes    ☐ No

3.  Have all motions addressed to the Claims Documents been resolved?          ☐ Yes    ☐ No

4.  Have counsel met and conferred in compliance with LBR 7026-1?           ☐ Yes    ☐ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

5.  If your answer to any of the four preceding questions is anything <u>other</u> than an unqualified "YES," please explain below (*or on attached page*):

**B.  <u>READINESS FOR TRIAL</u>:**

1.      When will you be ready for trial in this case?

<u>Plaintiff</u>                                    <u>Defendant</u>

2.  If your answer to the above is more than 4 months after the summons issued in this case, give reasons for further delay.

<u>Plaintiff</u>                                    <u>Defendant</u>

3.  When do you expect to complete <u>your</u> discovery efforts?

<u>Plaintiff</u>                                    <u>Defendant</u>

4.  What additional discovery do you require to prepare for trial?

<u>Plaintiff</u>                                    <u>Defendant</u>

**C.  <u>TRIAL TIME</u>:**

1.  What is your estimate of the time required to present <u>your side of the case</u> at trial (*including rebuttal stage if applicable*)?

<u>Plaintiff</u>                                    <u>Defendant</u>

2.  How many witnesses do you intend to call at trial (*including opposing parties*)?

<u>Plaintiff</u>                                    <u>Defendant</u>

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015* **F 7016-1.STATUS.REPORT**

3.  How many exhibits do you anticipate using at trial?

<u>Plaintiff</u>                                                  <u>Defendant</u>

**D.  PRETRIAL CONFERENCE:**

A pretrial conference is usually conducted between a week to a month before trial, at which time a pretrial order will be signed by the court.  [See LBR 7016-1.]  If you believe that a pre-trial conference is not necessary or appropriate in this case, please so note below, stating your reasons:

<u>Plaintiff</u>                                                  <u>Defendant</u>

Pretrial conference ☐ is ☐ is not  requested          Pretrial conference ☐ is ☐ is not  requested
Reasons:                                                  Reasons:

<u>Plaintiff</u>                                                  <u>Defendant</u>

Pretrial conference should be set <u>after</u>:           Pretrial conference should be set <u>after</u>:

(*date*) _____                                     (*date*) _____

**E.  SETTLEMENT:**

1.  What is the status of settlement efforts?

2.  Has this dispute been formally mediated?        ☐ Yes      ☐ No
    If so, when?

3.  Do you want this matter sent to mediation at this time?

<u>Plaintiff</u>                                                  <u>Defendant</u>

☐ Yes    ☐ No                                            ☐ Yes    ☐ No

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F.  FINAL JUDGMENT/ORDER:**

Any party who contests the bankruptcy court's authority to enter a final judgment and/or order in this adversary proceeding must raise its objection below.  Failure to select either box below may be deemed consent.

<table>
<tr><td align="center">Plaintiff</td><td align="center">Defendant</td></tr>
<tr><td>☐ I do consent</td><td>☐ I do consent</td></tr>
<tr><td>☐ I do not consent</td><td>☐ I do not consent</td></tr>
<tr><td>to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td><td>to the bankruptcy court's entry of a final judgment and/or order in this adversary proceeding.</td></tr>
</table>

**G.   ADDITIONAL COMMENTS/RECOMMENDATIONS RE TRIAL:** (*Use additional page if necessary*)

Respectfully submitted,

Date: _____                                    Date: _____

_____                        _____
Printed name of law firm                               Printed name of law firm

_____                        _____
Signature                                              Signature

_____                        _____
Printed name                                           Printed name

Attorney for: _____                Attorney for: _____

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                     Page 4                     **F 7016-1.STATUS.REPORT**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled: **JOINT STATUS REPORT [LBR 7016-1(a)(2)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Sanaz Sarah Bereliani Esq. (CA Bar No. 256465)
BERELIANI LAW FIRM, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
(310) 882-5482-Voice
(888) 876-0896-Facsimile
sanaz@berelianilaw.com-Email

Attorney for Plaintiff,
MEHRAN JAVAHERIAN

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY

| | |
|---|---|
| In Re : | ) **Case No.: 1:25-bk-10617-MB** |
| | ) |
| | ) **Chapter 7** |
| HOVHANNES NAZARYAN; | ) |
| | ) **Adv. No.: _____** |
| | ) |
| Debtor. | ) |
| | ) **ADVERSARY COMPLAINT FOR:** |
| | ) **(1) DECLARATORY JUDGMENT** |
| | )    [28 U.S.C. §2201; 11 U.S.C. §§105(a), 363(m); |
| _____ | )    Fed. R. Bankr. P. 7001(9)]; AND |
| | ) |
| MEHRAN JAVAHERIAN, | ) **(2) INJUNCTIVE RELIEF** |
| | )    [11 U.S.C. §105(a); Fed. R. Bankr. P. 7001(7)] |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **Status Conference:** |
| | ) Date:        TBD |
| | ) Time:        TBD |
| HOVHANNES NAZARYAN; | ) Place:       Courtroom 303 |
| | )              21041 Burbank Blvd |
| Defendant. | )              Woodland Hills, CA 91367 |
| | ) |
| | ) |
| _____ | Judge: Hon. Martin R. Barash |

///

///

1

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff Mehran Javaherian ("Plaintiff" or "Javaherian"), a secured creditor of the bankruptcy estate and counterparty to the Sale Stipulation approved by this Court, brings this adversary proceeding against Hovhannes Nazaryan, the above-captioned debtor ("Defendant" or "Debtor"), and alleges as follows:

## CORE PROCEEDING

1. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) (matters concerning administration of the estate); §157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay); §157(b)(2)(N) (orders approving the sale of property); and §157(b)(2)(O) (other proceedings affecting the liquidation of the assets of the estate). Pursuant to Federal Rule of Bankruptcy Procedure 7008 and Local Bankruptcy Rule 7008-1, Plaintiff consents to the entry of final orders and judgment by the United States Bankruptcy Court.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. The matters at issue "arise under," "arise in," and are "related to" the above-captioned bankruptcy case (the "Bankruptcy Case").

3. This Court has continuing jurisdiction to interpret, enforce, and implement its prior orders, including the Sale Order described below. *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders"); *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934).

4. Venue is proper in this District and Division pursuant to 28 U.S.C. §§1408 and 1409, because this adversary proceeding arises in and relates to the Bankruptcy Case, which is pending in this Court.

2

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**PARTIES**

5.  Plaintiff Mehran Javaherian is an individual residing in California. Plaintiff is a secured creditor of the bankruptcy estate, holds a deed of trust encumbering the real property at 24366 La Masina Court, Calabasas, California 91302 (the "Property"), and is the counterparty to the Sale Stipulation approved by this Court.

6.  Defendant Hovhannes Nazaryan is the debtor in the above-captioned Chapter 7 case. Defendant is currently housed at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505.

**GENERAL ALLEGATIONS**

7.  On April 14, 2025, Defendant filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (Dkt. 1). The Bankruptcy Case remains open. Anita Khachikyan of Khach Law Group, PC has appeared as counsel of record for Defendant at all relevant times.

8.  On the petition date, all of Defendant's legal and equitable interests in the Property and the personal property located thereon became property of the Estate. 11 U.S.C. §541(a)(1); *see Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986).

9.  In his Schedule A/B and Schedule C, signed under penalty of perjury, Defendant identified the personal property at the Property as "used household goods" valued at $1,000 and claimed a $1,000 exemption against that property.

10. On May 27, 2025, Plaintiff filed a Motion for Relief from the Automatic Stay as to the Property (Dkt. 37) (the "MFR"), supported by declarations establishing his deed of trust against the Property and the absence of equity. The Trustee opposed the MFR (Dkts. 52, 53, 80).

11. On June 25, 2025, the Trustee, Nancy J. Zamora (the "Trustee"), filed her Motion to Sell Property of the Estate Free and Clear of Liens under 11 U.S.C. §363(f) (Dkt. 63) (the "Sale Motion"),

3

ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

seeking authority to sell the Property free and clear of Plaintiff's deed of trust. Plaintiff opposed the Sale Motion (Dkt. 79).

12. On July 18, 2025, the Trustee and Plaintiff filed the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Dkt. 94) (the "Sale Stipulation"), pursuant to which Plaintiff paid $120,000 to the bankruptcy estate. The Sale Stipulation resolved both the MFR and the Sale Motion, granting Plaintiff relief from the automatic stay to exercise his state-law rights under his deed of trust upon final payment and finality of the order, and transferring the estate's interest in the personal property at the Property to Plaintiff.

13. On July 18, 2025, this Court entered its Order Approving Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Dkt. 96) (the "Sale Order"), approving the Sale Stipulation "in its entirety."

14. Defendant was represented by counsel of record at all times during the negotiation, noticing, and approval of the Sale Stipulation. Defendant did not object to the Sale Stipulation, did not appeal the Sale Order, and did not seek a stay pending appeal.

15. Plaintiff paid the $120,000 consideration in full and the transaction was consummated. The Trustee filed her Report of Sale/Settlement on August 7, 2025 (Dkt. 103). Plaintiff is, and was at all relevant times, a good-faith purchaser within the meaning of 11 U.S.C. §363(m).

16. After the Sale Order was entered, Defendant filed a renewed Motion to Dismiss the Bankruptcy Case (Dkt. 89), which the Bankruptcy Court denied (Dkt. 105). On September 12, 2025, the United States Trustee filed an adversary complaint (Adv. Proc. No. 1:25-ap-01058) (the "Discharge Adversary") objecting to Defendant's discharge under 11 U.S.C. §§727(a)(2), (a)(3), (a)(4), (a)(5), and (a)(6) (Dkt. 114). The Discharge Adversary remains pending.

ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

17. On December 11, 2025, the Trustee filed her Final Report (Dkt. 135). On January 7, 2026, the Bankruptcy Court entered its Order of Distribution (Dkt. 139).

18. On September 3, 2025, Defendant's then-counsel, Anita Khachikyan of Khach Law Group, PC, sent a written demand to Plaintiff's bankruptcy counsel, Raymond H. Aver, Esq., requesting return of one item of personal property (a Petrof Chippendale grand piano). The same day, Mr. Aver responded in writing, declined the demand, and explained that the estate's interest in the personal property had been sold to Plaintiff under the Sale Stipulation.

19. On April 8, 2026, Defendant - appearing pro se from federal prison - filed a verified Complaint in the Superior Court of the State of California, County of Los Angeles, captioned *Nazaryan v. Javaherian, et al.*, Case No. 26VECV02080 (the "State Court Action"), asserting seven causes of action against Plaintiff: (1) Conversion; (2) Trespass to Chattels; (3) Unjust Enrichment / Restitution; (4) Declaratory Relief; (5) Wrongful Foreclosure; (6) Cancellation of Written Instruments; and (7) Quiet Title.

20. The State Court Action expressly attaches the Sale Stipulation as Exhibit A and references the Bankruptcy Case by case number. The Complaint alleges that the personal property the Estate sold to Plaintiff under the Sale Stipulation has a fair market value "exceed[ing] $250,000 and may exceed $300,000" - notwithstanding that Defendant himself scheduled the same property at $1,000 under penalty of perjury and claimed a $1,000 exemption against it.

21. The State Court Action expressly alleges that the Sale Stipulation was the product of "a process infected by unfairness, procedural defect, lack of notice, gross undervaluation of personal property, and abuse of Plaintiff's inability to protect himself while incarcerated." Each cause of action seeks, in substance, to undo or extract value from the very Sale Order this Court entered.

ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

22. On April 10, 2026, Defendant caused a Notice of Pendency of Action to be recorded with the Los Angeles County Recorder against the Property in connection with the State Court Action (the "Lis Pendens").

23. On May 12, 2026, Plaintiff's counsel served Defendant with a written demand that he withdraw or cause to be expunged the Notice of Pendency of Action and voluntarily dismiss the State Court Action with prejudice. The demand was served by United States Mail and Certified Mail, return receipt requested, on May 13, 2026, at Defendant's address at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505, and set a deadline of May 22, 2026. Defendant did not respond, and the deadline has passed. The State Court Action remains pending. Plaintiff brings this adversary proceeding to enforce the Sale Order and to enjoin Defendant's continued prosecution of the State Court Action, which constitutes an impermissible collateral attack on the Sale Order.

24. Each cause of action in the State Court Action arises out of, and seeks to undo, the Sale Stipulation and Sale Order this Court approved. The Conversion, Trespass to Chattels, and Unjust Enrichment counts seek the value of personal property the Estate transferred to Plaintiff. The Wrongful Foreclosure, Cancellation of Written Instruments, Declaratory Relief, and Quiet Title counts seek to invalidate the very instruments and transactions authorized by the Sale Stipulation and Sale Order, including the resolution of Plaintiff's MFR and the deed of trust pursuant to which Plaintiff exercises his state-law foreclosure rights.

25. Each of Defendant's causes of action is foreclosed as a matter of law:

    a. By 11 U.S.C. §363(m), because the Sale Order was not appealed or stayed and Plaintiff is a good-faith purchaser. *See In re Filtercorp, Inc.*, 163 F.3d 570, 576–78 (9th Cir. 1998); *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 279–81 (9th Cir.

6

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

1992); *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988).

   b.  By judicial estoppel, because Defendant's sworn $1,000 valuation in his Schedules cannot be reversed for litigation advantage. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–85 (9th Cir. 2001); *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992).

   c.  By Defendant's lack of standing to prosecute claims that were Estate property as of the petition date and were sold or settled by the Trustee under the Sale Order. *See* 11 U.S.C. §541(a)(1); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986).

   d.  By the rule against impermissible collateral attacks on final orders. *See Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152–54 (2009).

26.  Defendant's continued prosecution of the State Court Action and maintenance of the Lis Pendens cause Plaintiff immediate and ongoing harm: (a) the Lis Pendens clouds title to the Property and impairs Plaintiff's ability to refinance, sell, encumber, or foreclose under his deed of trust pursuant to the rights this Court authorized in the Sale Order; (b) Plaintiff is forced to defend seven causes of action in another forum that should have been resolved (or never raised) within the Bankruptcy Case; and (c) absent injunctive relief, Defendant may file additional duplicative actions or record additional encumbrances.

27.  Plaintiff has no adequate remedy at law for the harms identified in Paragraph 26. Money damages cannot remedy the impairment of title or the dilution of the finality protections that this Court's Sale Order was intended to confer.

7

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

# I.

## FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT

*[28 U.S.C. §2201; 11 U.S.C. §§105(a), 363(m); Fed. R. Bankr. P. 7001(9)]*

28.  Plaintiff incorporates Paragraphs 1 through 27 above as if fully set forth herein.

29.  An actual case or controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. §2201 concerning the validity, finality, and enforceability of the Sale Order and Plaintiff's rights as a secured creditor and Section 363 purchaser.

30.  Plaintiff seeks a declaratory judgment establishing the following:

    a.  The Sale Order (Dkt. 96) is final, was not appealed, and was never stayed pending appeal;

    b.  Plaintiff purchased the Estate's interest in the personal property at the Property in good faith and for value, and is entitled to the protections of 11 U.S.C. §363(m);

    c.  Plaintiff's relief from the automatic stay pursuant to the Sale Stipulation and Sale Order is final, and Plaintiff's deed of trust against the Property is unimpaired by Defendant's claims in the State Court Action;

    d.  Title to the personal property at the Property is vested in Plaintiff free and clear of any adverse claim asserted by Defendant in the State Court Action or otherwise;

    e.  The State Court Action constitutes an impermissible collateral attack on the Sale Order;

    f.  Defendant lacks standing to prosecute the claims asserted in the State Court Action because those claims were property of the Estate under 11 U.S.C. §541(a)(1) and were resolved by the Sale Order; and

    g.  The Notice of Pendency of Action recorded by Defendant on April 10, 2026 is void and unenforceable, and must be expunged or withdrawn of record.

8

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

31. A judicial declaration is necessary and appropriate at this time so that Plaintiff may enforce the Sale Order, realize the protections of §363(m), and protect his rights to the Property and personal property without further interference by Defendant.

**II.**

**<u>SECOND CLAIM FOR RELIEF – INJUNCTIVE RELIEF</u>**

*[11 U.S.C. §105(a); Fed. R. Bankr. P. 7001(7), 7065]*

32. Plaintiff incorporates Paragraphs 1 through 31 above as if fully set forth herein.

33. Section 105(a) of the Bankruptcy Code authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. §105(a). The Ninth Circuit has confirmed that §105(a) authorizes a bankruptcy court to enjoin actions that threaten the integrity of estate administration or undermine the court's prior orders. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093–95 (9th Cir. 2007); *Celotex Corp. v. Edwards*, 514 U.S. 300, 308–11 (1995).

34. Plaintiff is entitled to permanent injunctive relief because: (a) Plaintiff will succeed on the merits, as Defendant's claims are foreclosed by 11 U.S.C. §363(m), judicial estoppel, lack of standing, and the bar against collateral attack on final orders; (b) Plaintiff is suffering and will continue to suffer irreparable harm absent an injunction, in the form of impaired title, dilution of the statutory finality protections of §363(m), and the prospect of duplicative litigation in multiple forums; (c) the balance of equities favors Plaintiff, who paid full consideration for the Estate's interest and is now defending an attempt by the Debtor to extract a second recovery from the same property; and (d) the public interest favors enforcement of bankruptcy sale orders and the protection of good-faith purchasers under §363(m).

35. Plaintiff therefore seeks a permanent injunction (a) enjoining Defendant, and any person acting in concert with him, from prosecuting the State Court Action or any other action, in any court, that constitutes a collateral attack on the Sale Order; (b) enjoining Defendant from recording any

9

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

further notice of pendency of action or other encumbrance against the Property based on, or relating to, the matters resolved by the Sale Order; and (c) directing Defendant to cause the Notice of Pendency of Action recorded on April 10, 2026 to be expunged or withdrawn of record forthwith.

36.     Plaintiff reserves the right to seek temporary and preliminary injunctive relief to the same effect by separate motion, pursuant to Federal Rule of Bankruptcy Procedure 7065 and Local Bankruptcy Rule 7065-1, pending entry of judgment in this adversary proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mehran Javaherian respectfully prays that the Court enter judgment in his favor and against Defendant Hovhannes Nazaryan as follows:

1.  On the First Claim for Relief, entering a declaratory judgment on each of the matters set forth in Paragraph 30 above;

2.  On the Second Claim for Relief, entering a permanent injunction granting the relief described in Paragraph 35 above;

3.  Awarding Plaintiff his attorney's fees and costs of suit to the extent permitted by law;

4.  Granting such further and additional relief as the Court deems just and proper.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

Dated: June 1, 2026                    By: _/s/ Sanaz Sarah Bereliani_____
                                            Sanaz Sarah Bereliani, Esq.
                                            Attorney for Plaintiff,
                                            MEHRAN JAVAHERIAN

10

**ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>MEHRAN JAVAHERIAN | DEFENDANTS<br><br>HOVHANNES NAZARYAN |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Sanaz Sarah Bereliani, Esq., Bereliani Law Firm, PC<br>12100 Wilshire Blvd, 8th FL, LA CA 90025 // 310-882-5482 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor       □ U.S. Trustee/Bankruptcy Admin<br>X Creditor       □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>X Debtor       □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor       □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**(1) Declaratory Judgment under 28 USC 2201 & 11 USC 105(a) & 363(m) that the Court's Sale Order is final & enforceable & that the debtor's state-court action is an impermissible collateral attack; and (2) Injunctive Relief under 11 USC 105(a) enjoining the Debtor's Collateral Attack**

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ **Injunctive & Declaratory Reiief** |

Other Relief Sought

**Attorney's Fees and Costs to the extent permitted by law; such other relief as is just.**

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>Hovhannes Nazaryan | BANKRUPTCY CASE NO.<br><br>1:25-bk-10617-MB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br><br>Hon. Martin R. Barash |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br><br>United States Trustee | DEFENDANT<br><br>Hovhannes nazaryan | ADVERSARY<br>PROCEEDING NO.<br>1:25-ap-01058 |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE<br>Hon. Martin R. Barash |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>June 1, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Sanaz Sarah Bereliani, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**12100 Wilshire Blvd., 8th Floor**
**Los Angeles, CA 90025**

A true and correct copy of the foregoing document entitled (*specify*):   **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1], STATUS CONFERENCE PROCEDURES FOR THE HON. MARTIN R. BARASH, EXHIBIT A JOINT STATUS REPORT [LBR 7016-1(a)(2)], ADVERSARY COMPLAINT, ADVERSARY PROCEEDING COVER SHEET**   will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **06/03/2026**  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
  Mehran Javaherian - berelianilaw@gmail.com
  United States Trustee (SV) - ustpregion16.wh.ecf@usdoj.gov
  Nancy J Zamora (TR) - zamora3@aol.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **06/03/2026**  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Hovhannes Nazaryan**
**24366 La Masina Court**
**Calabasas, CA 91302**

**Hovhannes Nazaryan - 86590-509**
**FCI Texarkana Satellite Prison Camp**
**P.O. Box 9300**
**Texarkana, TX 75505**

**Anita Khachikyan**
**Khach Law Group, PC**
**126 S Jackson St Ste 203**
**Glendale, CA 91205**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| June  3, 2026 | Andrea Gomez | /s/ Andrea Gomez |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2016                                        Page 3                                        **F 7004-1.SUMMONS.ADV.PROC**