Sanaz Sarah Bereliani Esq. (CA Bar No. 256465)
**BERELIANI LAW FIRM, PC**
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA 90025
(310) 882-5482-Voice
(888) 876-0896-Facsimile
sanaz@berelianilaw.com-Email

Attorney for Plaintiff,
MEHRAN JAVAHERIAN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY

| | |
|---|---|
| In Re : | **Case No.: 1:25-bk-10617-MB** |
| | |
| | **Chapter 7** |
| HOVHANNES NAZARYAN; | |
| | **Adv. No.:  1:26-ap-01031-MB** |
| Debtor. | |
| | **AMENDED NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANAZ SARAH BERELIANI** |
| MEHRAN JAVAHERIAN, | |
| Plaintiff, | [11 U.S.C. §105(a); Fed. R. Bankr. P. 7065; Fed. R. Civ. P. 65] |
| v. | |
| | **Hearing Schedule:** |
| | Date:      TDB |
| HOVHANNES NAZARYAN; | Time:      TDB |
| | Place:    Courtroom 303 |
| | 21041 Burbank Blvd |
| Defendant. | Woodland Hills, CA 91367 |
| | |
| | Judge: Hon. Martin R. Barash |

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE;

DEFENDANT HOVHANNES NAZARYAN; THE CHAPTER 7 TRUSTEE; THE OFFICE OF THE

UNITED STATES TRUSTEE; AND ALL PARTIES IN INTEREST:

1

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

PLEASE TAKE NOTICE that, at the date and time set forth above, in Courtroom 303 of the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, located at 21041 Burbank Boulevard, Woodland Hills, California 91367, Plaintiff Mehran Javaherian ("Plaintiff") will, and hereby does, move this Court for a preliminary injunction pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 7065, and Federal Rule of Civil Procedure 65.

By this Motion, Plaintiff seeks a preliminary injunction, pending entry of judgment in this adversary proceeding:

(1)  Enjoining Defendant Hovhannes Nazaryan, and all persons acting in concert or participation with him, from prosecuting, continuing, or taking any further action in the civil action captioned *Nazaryan v. Javaherian, et al.*, Los Angeles Superior Court Case No. 26VECV02080 (the "State Court Action"), or any other action in any forum that constitutes a collateral attack on the Sale Order;

(2)  Enjoining Defendant from recording, or causing to be recorded, any further notice of pendency of action or other lien or encumbrance against the real property at 24366 La Masina Court, Calabasas, California 91302 (the "Property") based on or relating to the matters resolved by the Sale Order; and

(3)  Granting such other and further relief as the Court deems just and proper.

This Motion is made on the grounds that Defendant's continued prosecution of the State Court Action is an impermissible collateral attack on this Court's final, unappealed *Order Approving Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay*, entered July 18, 2025 (Dkt. 96) (the "Sale Order"); that Plaintiff satisfies each element of the standard for a preliminary injunction; and that an injunction is necessary to protect the integrity of this Court's orders and the finality the Bankruptcy Code guarantees.

2

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

This Motion is based upon this Notice; the attached Memorandum of Points and Authorities; the Declaration of Sanaz Sarah Bereliani filed herewith; the concurrently-filed Adversary Complaint and the Request for Judicial Notice filed in support of the related Motion to Expunge; all records and files in the Bankruptcy Case and this adversary proceeding; and such further evidence and argument as may be presented at or before the hearing.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(f), any response or opposition to this Motion must be filed and served not later than fourteen (14) days before the hearing date. The failure to file and serve a timely response may be deemed by the Court to be consent to the granting of the Motion.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

Dated:  June 23, 2026

By:  /s/ Sanaz Sarah Bereliani
   Sanaz Sarah Bereliani, Esq.
   Attorney for Plaintiff, Mehran Javaherian

---

3

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. <u>INTRODUCTION</u>

Nearly a year ago, this Court entered a final order approving a negotiated stipulation that resolved both the Chapter 7 Trustee's motion to sell and Plaintiff's motion for relief from stay, under which Plaintiff paid $120,000 to the estate. The Debtor - represented by counsel - did not object, did not appeal, and did not seek a stay. That order is now final and unassailable. A final order of a bankruptcy court is res judicata and immune from collateral attack, and this Court retains jurisdiction to interpret and enforce its own orders. *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).

The Debtor seeks to evade that finality. Appearing pro se from federal prison, and while facing a pending adversary proceeding objecting to his discharge under 11 U.S.C. § 727, the Debtor has filed a seven-count state-court action that re-values the same personal property he scheduled under oath at $1,000 at more than $250,000, and that seeks to undo the very Sale Order this Court entered. To cloud Plaintiff's title, the Debtor recorded a notice of pendency of action against the Property.

Plaintiff has commenced this adversary proceeding by the concurrently-filed Adversary Complaint, seeking a declaratory judgment and permanent injunction enforcing the Sale Order. By this Motion, Plaintiff seeks a preliminary injunction to halt the Debtor's collateral attack now - before Plaintiff is forced to litigate, in a second forum, claims that are foreclosed as a matter of law and that this Court is uniquely positioned to resolve. Each element of the preliminary injunction standard is satisfied, and an injunction is the appropriate means to protect the integrity of this Court's Sale Order and the finality on which good-faith participants in the bankruptcy process depend.

///

///

4

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

## II. STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the concurrently-filed Adversary Complaint and the Declaration of Sanaz Sarah Bereliani for a full statement of facts, and summarizes the material facts here.

1. On April 14, 2025, the Debtor filed a voluntary Chapter 7 petition (Bankr. Dkt. 1). In his Schedule A/B and Schedule C, signed under penalty of perjury, he valued the personal property at 24366 La Masina Court, Calabasas (the "Property") as "used household goods" worth $1,000 and claimed a $1,000 exemption. (Bereliani Decl. ¶ 4.)

2. Plaintiff is a secured creditor holding a deed of trust against the Property. On May 27, 2025, Plaintiff filed a Motion for Relief from the Automatic Stay (Bankr. Dkt. 37). On June 25, 2025, Trustee Nancy J. Zamora filed a Motion to Sell the Property under § 363(f) (Bankr. Dkt. 63). (Bereliani Decl. ¶ 5.)

3. On July 18, 2025, the Trustee and Plaintiff filed a Stipulation to Resolve Sale Motion and Motion for Relief from Stay (Bankr. Dkt. 94), under which Plaintiff paid $120,000 to the estate. The same day, this Court entered its Order Approving Stipulation (Bankr. Dkt. 96) (the "Sale Order"), approving the stipulation "in its entirety." The Debtor, represented by counsel, did not object, appeal, or seek a stay. (Bereliani Decl. ¶¶ 6–7.)

4. Before the Sale Order was entered, the Debtor twice moved to dismiss the Bankruptcy Case (Bankr. Dkts. 68, 89); this Court denied the renewed motion on August 13, 2025, after the Sale Order had been entered (Bankr. Dkt. 105). On September 12, 2025, the United States Trustee filed an adversary complaint objecting to the Debtor's discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(5), and (a)(6) (Adv. Proc. No. 1:25-ap-01058), which remains pending. (Bereliani Decl. ¶ 8.)

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

5. On April 8, 2026, the Debtor - pro se - filed the State Court Action, asserting seven causes of action and valuing the same personal property at more than $250,000. On April 10, 2026, he recorded a notice of pendency of action against the Property. (Bereliani Decl. ¶¶ 9–10.)

6. On May 12, 2026, Plaintiff's counsel sent the Debtor a written demand to withdraw the notice of pendency of action and dismiss the State Court Action, served by certified mail on May 13, 2026, with a deadline of May 22, 2026. The Debtor did not respond, and the deadline has passed. (Bereliani Decl. ¶ 11.)

7. The State Court Action remains pending. Plaintiff has commenced this adversary proceeding by the concurrently-filed Adversary Complaint. (Bereliani Decl. ¶ 12.)

## III.  **LEGAL STANDARD**

Section 105(a) authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). That authority includes the power to enjoin conduct that would undermine the Court's own orders, and the Supreme Court has confirmed that a bankruptcy court's order may not be collaterally attacked but must be challenged, if at all, in the issuing court. *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995). The Ninth Circuit applies the traditional preliminary injunction standard to injunctions issued under § 105(a). *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1093–96 (9th Cir. 2007).

To obtain a preliminary injunction, a movant must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff satisfies each element.

///

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

## IV.  ARGUMENT

**A.  Plaintiff Is Likely to Succeed on the Merits.**

Plaintiff is likely to succeed on his claims for declaratory and injunctive relief because each cause of action in the State Court Action is foreclosed as a matter of law. Any one of the following grounds is independently sufficient.

1.  The Sale Order Is a Final Judgment That Cannot Be Collaterally Attacked.

The Sale Order is a final order of this Court. The Debtor was a party, was represented by counsel, and had a full opportunity to be heard; he did not object, appeal, or seek a stay. A final bankruptcy order is res judicata and is "proof against collateral attack" in a later state-court action. *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938) (bankruptcy reorganization order held res judicata and immune from collateral attack in a subsequent state-court suit). The State Court Action - which attaches the Sale Stipulation, references the Bankruptcy Case by number, and seeks to undo the result the Sale Order approved - is precisely such a collateral attack.

The Supreme Court's decision in *Travelers* is directly on point. There, a debtor's final bankruptcy orders barred later-filed state-court actions seeking to relitigate matters those orders resolved, and the Court confirmed that "the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151–54 (2009). The same principle governs here: this Court entered the Sale Order, retains jurisdiction to enforce it, and may declare the State Court Action barred and enjoin its further prosecution.

2.  The Finality Protections of Section 363(m) Reinforce the Bar.

The Bankruptcy Code's sale-finality regime confirms that the Debtor's belated attack cannot succeed. Section 363(m) protects the validity of a sale to a good-faith purchaser absent a stay pending appeal. 11 U.S.C. § 363(m). The Debtor neither appealed nor sought a stay of the Sale Order. The Ninth Circuit has recognized that, in this area, "the trend is towards an absolute rule that requires appellants to

obtain a stay before appealing a sale of assets." *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1172 (9th Cir. 1988); accord *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 576–78 (9th Cir. 1998) (a sale to a good-faith purchaser "may not be modified or set aside unless the sale was stayed pending appeal"); *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 279–81 (9th Cir. 1992).

The Sale Order approved "in its entirety" the stipulation that resolved the Trustee's § 363(f) sale motion, and the Debtor neither appealed nor sought a stay. Whether or not § 363(m) governs of its own force, the finality policy these authorities embody - that a final, unstayed order resolving a § 363 sale is not subject to belated unraveling - confirms that the Debtor cannot undo that order through a separate lawsuit. The dispositive point remains the one set forth above: the Sale Order is a final order immune from collateral attack.

3. <u>The Debtor Is Judicially Estopped from Revaluing the Property.</u>

Judicial estoppel "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Courts consider whether a party's later position is "clearly inconsistent" with its earlier one, whether the party "succeeded in persuading a court to accept" the earlier position, and whether the party "would derive an unfair advantage … if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001).

Each factor is satisfied. The Debtor swore, under penalty of perjury, that the personal property was worth $1,000, and he claimed a corresponding $1,000 exemption. This Court accepted and relied on that sworn valuation in approving the negotiated resolution of the sale and stay-relief motions. The Debtor now asserts, in the State Court Action, that the very same property is worth more than $250,000 - a position that is not merely inconsistent but flatly contradicts his prior sworn statements - in order to extract a windfall the bankruptcy process foreclosed. The Ninth Circuit applies judicial estoppel to bar

8

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

exactly this kind of self-serving reversal of a sworn bankruptcy position. *Hamilton*, 270 F.3d at 782–85; *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992). The integrity of the bankruptcy system depends on debtors' honest, consistent disclosures, and the Debtor cannot disavow his under oath when it suits him.

    4.  <u>In the Alternative, the Debtor Lacks Standing to Assert Estate Claims.</u>

To the extent the Debtor's state-court claims existed as of the petition date, they are property of the estate and may be asserted only by the Trustee. The estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), and the Ninth Circuit construes that provision broadly to include causes of action. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707–09 (9th Cir. 1986). Any prepetition claim concerning the Property was administered by the Trustee through the sale process; the Debtor has no standing to relitigate it. This ground is asserted in the alternative, and the foregoing grounds do not depend on it.

**B.  The Anti-Injunction Act Presents No Obstacle to the Requested Relief.**

Although the requested injunction runs against the Debtor in personam, Plaintiff anticipates that the Debtor may invoke the Anti-Injunction Act, 28 U.S.C. § 2283. That statute does not bar this relief. Section 2283 permits a federal court to enjoin state proceedings where "expressly authorized by Act of Congress," where "necessary in aid of its jurisdiction," or "to protect or effectuate its judgments." 28 U.S.C. § 2283. The relitigation exception - protecting and effectuating the court's own judgments - squarely applies: the injunction would protect the Sale Order from the Debtor's collateral attack. The Supreme Court approved precisely such relief in *Travelers*, where a bankruptcy court enjoined later-filed state actions to protect and enforce its final orders. *Travelers Indem. Co. v. Bailey*, 557 U.S. at 151–54. Section 105(a) supplies the further authority to issue an order "necessary or appropriate" to enforce this Court's orders. 11 U.S.C. § 105(a).

9

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

**C. Plaintiff Will Suffer Irreparable Harm Absent an Injunction.**

The notice of pendency of action recorded against the Property clouds Plaintiff's title and impairs his ability to refinance, sell, encumber, or exercise his foreclosure rights under the deed of trust this Court's order authorized. A cloud on title and the impairment of interests in real property are classic irreparable harms for which money damages are inadequate, because each parcel of real property is unique and the impairment continues for as long as the recorded notice and the State Court Action remain on file. (Bereliani Decl. ¶¶ 10, 13.) Absent an injunction, that harm will persist and compound. The continued prosecution of the State Court Action also threatens the very finality of the Sale Order that § 105(a) empowers this Court to protect.

**D. The Balance of Equities Tips Sharply in Plaintiff's Favor.**

Plaintiff paid $120,000 in full and consummated a transaction this Court approved. An injunction merely holds the Debtor to the consequences of an order he never appealed. By contrast, the Debtor suffers no cognizable hardship from being enjoined from prosecuting claims that are barred as a matter of law. The equities are not close.

**E. An Injunction Serves the Public Interest.**

The public interest strongly favors the finality of bankruptcy orders and the protection of those who rely on them. *Onouli-Kona*, 846 F.2d at 1172. Permitting a debtor to relitigate a final sale order through a collateral state-court action would chill participation in § 363 sales and undermine the orderly administration of bankruptcy estates.

**F. No Bond, or Only a Nominal Bond, Should Be Required.**

Although Federal Rule of Civil Procedure 65(c) applies through Bankruptcy Rule 7065, the Court retains "discretion as to the amount of security required, if any," and may dispense with a bond where the enjoined party faces no realistic likelihood of monetary harm from a properly issued injunction. *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Because the Debtor's claims are

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

foreclosed as a matter of law, he faces no compensable loss, and Plaintiff respectfully requests that the Court waive the bond requirement or set a nominal bond.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion and enter a preliminary injunction enjoining the Debtor from prosecuting the State Court Action or recording any further encumbrance against the Property pending entry of judgment in this adversary proceeding, and grant such further relief as is just and proper.

Respectfully submitted,

**BERELIANI LAW FIRM, PC**

Dated:  June 23, 2026

By: /s/ Sanaz Sarah Bereliani
Sanaz Sarah Bereliani, Esq.
Attorney for Plaintiff, Mehran Javaherian

11

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

## <u>DECLARATION OF SANAZ SARAH BERELIANI</u>

I, Sanaz Sarah Bereliani, declare as follows:

1. I am an attorney duly admitted to practice before all courts of the State of California (Bar No. 256465) and before the United States District Court and Bankruptcy Court for the Central District of California. I am the principal of Bereliani Law Firm, PC, counsel of record for Plaintiff Mehran Javaherian ("Plaintiff"), and a California State Bar Certified Bankruptcy Specialist. I have personal knowledge of the facts set forth herein, except where stated on information and belief, and if called as a witness I could and would competently testify thereto.

2. I make this declaration in support of Plaintiff's Motion for Preliminary Injunction.

3. On April 14, 2025, Defendant Hovhannes Nazaryan ("Defendant" or the "Debtor") filed a voluntary petition for relief under Chapter 7 in this Court, Case No. 1:25-bk-10617-MB, presiding before the Honorable Martin R. Barash (the "Bankruptcy Case").

4. In Schedule A/B and Schedule C, signed under penalty of perjury, the Debtor identified the personal property at 24366 La Masina Court, Calabasas, California 91302 (the "Property") as "used household goods" valued at $1,000 and claimed a $1,000 exemption against that property.

5. Plaintiff is a secured creditor of the estate, holding a deed of trust against the Property. On May 27, 2025, Plaintiff filed a Motion for Relief from the Automatic Stay (Bankr. Dkt. 37). On June 25, 2025, Trustee Nancy J. Zamora filed a Motion to Sell the Property under 11 U.S.C. § 363(f) (Bankr. Dkt. 63), which Plaintiff opposed (Bankr. Dkt. 79).

6. On July 18, 2025, the Trustee and Plaintiff filed the Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Bankr. Dkt. 94), under which Plaintiff paid $120,000 to the bankruptcy estate. The same day, this Court entered its Order Approving Stipulation (Bankr. Dkt. 96) (the "Sale Order"), approving the stipulation "in its entirety."

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

7. The Debtor was represented by Anita Khachikyan of Khach Law Group, PC throughout. The Debtor did not object to the stipulation, did not appeal the Sale Order, and did not seek a stay pending appeal. Plaintiff paid the $120,000 in full and the transaction was consummated; the Trustee filed her Report of Sale/Settlement on August 7, 2025 (Bankr. Dkt. 103).

8. The Debtor moved to dismiss the Bankruptcy Case before entry of the Sale Order (Bankr. Dkts. 68 and 89); this Court denied the renewed motion to dismiss on August 13, 2025 (Bankr. Dkt. 105). On September 12, 2025, the United States Trustee filed an adversary complaint objecting to the Debtor's discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), (a)(5), and (a)(6) (Adv. Proc. No. 1:25-ap-01058), which remains pending.

9. On April 8, 2026, the Debtor, appearing pro se, filed a verified Complaint in the Superior Court of the State of California, County of Los Angeles, captioned Nazaryan v. Javaherian, et al., Case No. 26VECV02080 (the "State Court Action"), asserting seven causes of action and valuing the same personal property at more than $250,000. The Complaint attaches the Sale Stipulation as Exhibit A and references the Bankruptcy Case by number.

10. On April 10, 2026, the Debtor caused a Notice of Pendency of Action to be recorded with the Los Angeles County Recorder against the Property in connection with the State Court Action. The recorded notice clouds title to the Property and impairs Plaintiff's ability to refinance, sell, encumber, or exercise his foreclosure rights under his deed of trust.

11. On May 12, 2026, I sent the Debtor a written demand that he withdraw the Notice of Pendency of Action and dismiss the State Court Action. The demand was served by certified mail, return receipt requested, addressed to the Debtor at the Federal Correctional Institution – Satellite Camp, P.O. Box 9300, Texarkana, Texas 75505, on May 13, 2026, and set a deadline of May 22, 2026. A true and correct copy of the demand letter and the certificate of service is attached

13

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

hereto as **Exhibit A**. As of the date of this declaration, the Debtor has not responded and the deadline has passed.

12. Concurrently herewith, Plaintiff files the Adversary Complaint commencing this proceeding. The State Court Action remains pending and Plaintiff seeks to enjoin its further prosecution.

13. Absent a preliminary injunction, Plaintiff will continue to suffer irreparable harm: the cloud on title persists, Plaintiff's ability to deal with the Property is impaired, and Plaintiff is forced to defend, in another forum, claims this Court's Sale Order already resolved. I am informed and believe that the Debtor, who has filed multiple unsuccessful motions to dismiss the Bankruptcy Case and now this collateral action, is likely to continue litigating absent an injunction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 23, 2026, at Los Angeles, California.

/s/ Sanaz Sarah Bereliani_____
Sanaz Sarah Bereliani, Esq.

14

**NOTICE & MOTION FOR PRELIMINARY INJUNCTION**

# EXHIBIT "A"

# BERELIANI LAW FIRM, PC

12100 Wilshire Boulevard, 8th Floor
Los Angeles, California 90025
Telephone: (310) 882-6258
Email: Sanaz@Berelianilaw.com

Sanaz Sarah Bereliani, Esq.                                         Debt Relief Agency

May 12, 2026

**VIA CERTIFIED U.S. MAIL**
Federal Correctional Institution – Satellite Camp
ATTN: Hovhannes Nazaryan
P.O. Box 9300
Texarkana, TX 75505

**Re: Nazaryan v. Javaherian, et al.; L.A. Sup. Ct. Case No. 26VECV02080**
**Demand for Voluntary Withdrawal of Notice of Pendency of Action**

Dear Mr. Nazaryan:

This firm represents Mehran Javaherian in connection with the action you filed on April 8, 2026 in Los Angeles Superior Court, and the Notice of Pendency of Action you caused to be recorded on April 10, 2026 against the property at 24366 La Masina Court, Calabasas, California 91302.

Your lawsuit is a collateral attack on a final, unappealed order of the United States Bankruptcy Court for the Central District of California in *In re Hovhannes Nazaryan*, Case No. 1:25-bk-10617-MB. On July 18, 2025, the Honorable Martin R. Barash entered the Order Approving Stipulation by and between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (Bankr. Dkt. 96), approving the underlying stipulation (Bankr. Dkt. 94) "in its entirety." That stipulation resolved both Mr. Javaherian's Motion for Relief from Stay (Bankr. Dkt. 37) and the Trustee's Motion to Sell (Bankr. Dkt. 63), and was the product of negotiation between Trustee Nancy J. Zamora and Mr. Javaherian. You were represented by counsel throughout. You did not object, did not appeal, and did not seek a stay.

Your present claims are foreclosed by 11 U.S.C. §363(m) (*see Ewell v. Diebert (In re Ewell)*, 958 F.2d 276 (9th Cir. 1992)), by judicial estoppel arising from your sworn $1,000 valuation of the same personal property in your Schedules (*see Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001)), by your lack of standing under 11 U.S.C. §541(a) (*see*

*Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705 (9th Cir. 1986)), and by ordinary claim preclusion. They are not "real property claims" under California Code of Civil Procedure §§405.4 and 405.31, and you cannot establish probable validity under §405.32.

Demand is hereby made that you, on or before **May 22, 2026**: (1) cause the Notice of Pendency of Action recorded on April 10, 2026 to be withdrawn or expunged of record; and (2) voluntarily dismiss the State Court Action with prejudice. If you do so by the deadline above, this firm will not seek attorney's fees against you in connection with the Notice of Pendency of Action.

If you do not, we will (a) prosecute the already-filed motion to expunge the Notice of Pendency of Action and seek mandatory attorney's fees and costs against you under California Code of Civil Procedure §405.38; (b) file an adversary proceeding in the Bankruptcy Court (Hon. Martin R. Barash) seeking declaratory judgment and injunctive relief under 11 U.S.C. §§105(a) and 363(m) enforcing the Sale Order; and (c) reserve all rights, including with respect to malicious prosecution and slander of title.

This letter is sent as a courtesy and is not, and should not be construed as, a waiver of any rights or remedies, all of which are expressly reserved.

Very truly yours,

**BERELIANI LAW FIRM, PC**

Sanaz Sarah Bereliani, Esq.

| NAME OF PARTY / ACCOUNT REFERENCE | **DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE** |
|---|---|
| Mehran Javaherian | |
| | Sanaz |
| | 26VECV02080 |

On 5/13/2026, I did cause a copy of the following documents, described below,

Letter to Nazaryan

to be served for delivery by the United States Postal Service, via First Class United States Mail, First Class, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

Parties who were mailed documents via certified mail, return receipt requested, are those listed as certified on the attached mailing matrix.

I caused these documents to be served by utilizing the services of CertificateofService.com.  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.


DATED: 5/13/2026

/s/ Sanaz Sarah Bereliani
Sanaz Sarah Bereliani
Bereliani Law Firm, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA  90025
310 882 5482


This is a receipt for mailing services and a normal and customary business record of the business transaction between Bereliani Law Firm, PC and CertificateofService.com, an authorized Third Party Notice Provider by the Administrator of the United States Bankruptcy Courts.

**RECEIPT FOR DIRECT MAILING:**

| | |
|---|---|
| Bereliani Law Firm, PC<br>Sanaz Sarah Bereliani<br>12100 Wilshire Blvd, 8th Floor<br>Los Angeles, CA  90025 | **RECEIPT FOR DIRECT MAILING SERVICE**<br><br>26VECV02080<br><br>Sanaz |

On 5/13/2026, a copy of the following documents, described below,

Mailing List:  SEE ATTACHED LIST

Documents Served:

Letter to Nazaryan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

Documents served via Certified Mail, Return Receipt Requested are denoted on the attached mailing list, attched hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 5/13/2026

*Victoria Blake*

Victoria Blake
CertificateofService.com for
Sanaz Sarah Bereliani
Bereliani Law Firm, PC
12100 Wilshire Blvd, 8th Floor
Los Angeles, CA  90025

This is a receipt for mailing services and a normal and customary business record of the business transaction between Bereliani Law Firm, PC and CertificateofService.com, an authorized Third Party Notice Provider by the Administrator of the United States Bankruptcy Courts.

CERTIFIED 9589071052704042663480

FEDERAL CORRECTIONAL INSTITUTION - SATELLITE
CAMP
ATTN: HOVHANNES NAZARYAN
P.O. BOX 9300
TEXARKANA TX 75505

| In re: | | CHAPTER: **7** |
|---|---|---|
| **JAVAHERIAN V NAZARYAN** | | CASE NUMBER: **1:25-bk-10617-MB** |
| | Debtor(s). | AP CASE:      **1:26-bk-01031-MB** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**12100 Wilshire Blvd., 8th Floor**
**Los Angeles, CA 90025**

A true and correct copy of the foregoing document entitled (*specify*):  **AMENDED NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMRANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SANAZ SARAH BERELIANI**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  **June 23, 2026** , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Mehran Javaherian - berelianilaw@gmail.com**
**United States Trustee (SV) - ustpregion16.wh.ecf@usdoj.gov**
**Nancy J Zamora (TR) - zamora3@aol.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  **June 23, 2026** , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Honorable Martin R. Barash, United States Bankruptcy Court, 21041 Burbank Blvd, Suite 342, Woodland Hills, CA 91367**

**Hovhannes Nazaryan 24366 La Masina Court, Calabasas, CA 91302**

**Hovhannes Nazayan 86590-509, FCI Texarkana Satellite Prison Camp PO Box 9300, Texarkana, TX 75505**

**Anita Khachikyan, Khach Law Group, PC., 126 S Jackson St, Ste 203, Glendale, CA 91205**

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **June 23, 2026** | **Andrea Gomez** | **/s/ Andrea Gomez** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012* **9013-3.1.PROOF.SERVICE**