Hovhannes Nazaryan, Pro Se
c/o Orion RRC
Behavioral Systems Southwest
8141 Orion Avenue
Van Nuys, CA 91406
(213) 800-0009
clericalassistant.nazaryan@gmail.com

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br>HOVHANNES NAZARYAN<br>Debtor.<br><br>MEHRAN JAVAHERIAN,<br>Plaintiff,<br>vs.<br>HOVHANNES NAZARYAN, Pro Se,<br>Defendant. | Case No.: 1:25-bk-10617-MB<br>Adv. No.: 1:26-ap-01031-MB<br>Chapter 7<br>Hon. Martin R. Barash<br><br>**DECLARATION OF HOVHANNES NAZARYAN** |

I, Hovhannes Nazaryan, declare as follows:

1. I am the defendant/debtor in the above-captioned matters. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. Attached as Exhibit A is a true and correct copy of the Declaration of Anita Khachikyan, former counsel, dated October 19, 2026.

3. The Declaration of Anita Khachikyan addresses the preparation of Schedule A/B line 6 as a placeholder, the absence of any inventory or appraisal of the household goods and furnishings at 24366 La Masina Court, the limited communications available from FCI Texarkana, the September 2025 request for return of the Petrof piano, and the circumstances of the lockout of the real property.

4. I am filing Ms. Khachikyan's declaration in support of the position that the household goods and furnishings were not properly administered. Docket 94 transferred the estate's interest in "personal property" in general terms. It did not identify the furnishings, did not inventory them, and did not adjudicate any

conversion claim concerning them. A Statement of Position Regarding Personal Property and Reservation of Rights making this point has already been filed in adversary proceedings 1:26-ap-01031-MB and 1:26-ap-01061-MB. The Declaration of Anita Khachikyan referenced in those statements is the declaration attached hereto as Exhibit A.

5. I reserve the right to argue that the household goods and furnishings were not properly administered, and further reserve the right to seek relief under Rule 60(b)(6) in the main bankruptcy case with respect to the personal-property portion of the July 18, 2025 order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 5th day of November, 2026.

Hovhannes Nazaryan, Pro Se

Hovhannes Nazaryan, Pro Se
c/o Orion RRC
Behavioral Systems Southwest
8141 Orion Avenue
Van Nuys, CA 91406
(213) 800-0009
clericalassistant.nazaryan@gmail.com

Anita Khachikyan, 271204
KHACH LAW GROUP, PC
126 S. Jackson St., Suite 203
Glendale, CA 91205
Tel. 818.243.8500
Fax. 866.577.6740
ak@khachlaw.com

Attorney for Debtor(s):
Hovhannes Nazaryan

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO DIVISION

| | |
|---|---|
| In re:<br><br>HOVHANNES NAZARYAN<br><br>Debtor | Case No.: 1:25-bk-10617 MB<br><br>**ATTORNEY ANITA KHACHIKYAN'S DECLARATION** |

**ATTORNEY ANIT KHACHIKYAN'S DECLARATION**

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, UNITED STATES TRUSTEE, TRUSTEE NANCY ZAMORA, AND OTHER INTERESTED PARTIES:

I, Anita Khachikyan, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of California. I served as counsel for Debtor Hovhannes Nazaryan in the above-captioned bankruptcy proceeding. I have personal knowledge of the matters stated herein, except where expressly stated to be based upon information provided to me, and if called upon to testify, I could and would competently testify thereto.

2. On April 14, 2025, our office filed a Chapter 7 Bankruptcy for Hovhannes


KHACH LAW GROUP, PC
126 S. JACKSON ST., SUITE 203
GLENDALE, CA 91205
TEL. 818.243.8500 · FAX. 866.577.6740

Nazaryan, Case No: 1:25-bk-10617 MB.

3. At the time the bankruptcy petition and schedules were prepared and filed, there was an impending sale date concerning the real property located in Calabasas, California. Due to the urgency of the circumstances, the bankruptcy filing was prepared and submitted on an expedited basis.

4. The $1,000 amount identified on line 6 of the bankruptcy schedules was entered as a preliminary placeholder amount to permit the bankruptcy case to be filed promptly in light of the pending sale. It was my understanding and intention that the schedules would subsequently be amended once additional information concerning the Debtor's assets became available.

5. At the time of the filing, I did not possess a complete inventory of the personal property located inside the Calabasas residence. Specifically, I was not aware of the existence of the Petrof piano or the identity, nature, or value of other particular items of personal property located within the residence.

6. Discussions concerning the contents of the residence occurred after the bankruptcy petition had been filed. Those discussions were undertaken in anticipation of amending the bankruptcy schedules to provide a more complete and accurate disclosure of the Debtor's assets.

7. I subsequently received an email from the Chapter 7 Trustee requesting a detailed inventory of the household goods and furnishings located at the Calabasas property, together with information concerning assets that had not been included in the original bankruptcy schedules.



KHACH LAW GROUP, PC
126 S Jackson St. Suite 203
Glendale, CA 91205
Tel: (818) 243.8500
Fax: (866) 577.6740

8. I did not provide the requested inventory to the Trustee. During the relevant period, communication with the Debtor was substantially limited by his incarceration, the restrictions associated with his confinement, and the distress he was experiencing in connection with the lockout from the residence. As a result, I was unable to obtain the information necessary to prepare a complete and reliable inventory.

9. I became aware of the lockout only after it had already occurred. To my knowledge, there had been no unlawful detainer proceedings, judgment for possession, or sheriff's execution of a writ of possession authorizing the lockout. I understand that a locksmith may have been involved, although I have no personal knowledge of the precise circumstances under which access to the property was obtained or restricted.

10. At the time of the proceedings concerning the personal property, I did not know that any rooms within the residence had been staged, nor did I possess an inventory distinguishing staged furnishings from property belonging to the Debtor or other persons.

11. I reviewed paragraph 2 of the stipulation and order identified as Docket No. 94, together with Recital C. Based upon my understanding of those provisions at the time, I believed that the transaction concerned the Debtor's $1,000 interest as reflected in the filed schedules, rather than a transfer of ownership of every item of tangible personal property physically located inside the residence.

12. My understanding of the reference to "personal property" in Docket No. 94 was that it concerned ordinary household goods and furnishings associated with the residence. I did not understand that language to specifically identify, adjudicate ownership of, or transfer the Petrof piano or other individually identifiable items that had not been disclosed or specifically described.



KHACH LAW GROUP, PC
126 S Jackson St. Suite 203
Glendale, CA 91205
Tel: (818) 243.8500
Fax: (866) 577.6740

13. At the time the $120,000 transaction was negotiated and agreed upon, I did not possess a complete list of the contents of the residence. Accordingly, I was not in a position to identify each item potentially affected by the transaction or to evaluate the ownership and value of particular items.

14. Communication with the Debtor while he was incarcerated at the federal facility in Texarkana was conducted primarily by telephone when he was able to initiate calls. Because of the facility's calling restrictions, scheduling limitations, and the difficulty coordinating telephone communications, we were unable to communicate consistently or regularly.

15. As a result of those communication difficulties, the Debtor did not have a meaningful opportunity to review the bankruptcy schedules in detail or to provide the information necessary to amend line 6 or line 9 before the stipulation was filed.

16. At the time when I reviewed paragraph 2 and Recital C of Docket No. 94, I understood the transaction to involve the $1,000 scheduled interest referenced in the bankruptcy schedules. I did not understand those provisions to constitute a comprehensive sale or transfer of all contents of the Calabasas residence, including specifically identifiable personal property that had not been inventoried, valued, or individually identified.

17. Following entry of the order, I continued to believe that the Debtor could have an ownership interest in, or a claim concerning, particular items of personal property located at the residence. I did not understand the order to have necessarily extinguished every potential claim to such items.

18. Consistent with that understanding, I subsequently communicated by email with Aver concerning the Petrof piano. My inquiry was based upon my belief that the piano had not been specifically identified or addressed in the transaction as I understood it.



KHACH LAW GROUP, PC
126 S Jackson St. Suite 203
Glendale, CA 91205
Tel: (818) 243.8500
Fax: (866) 577.6740

19. In September 2025, I requested the return or release of the Petrof piano because the Debtor had specifically asked me to do so. That request reflected both the Debtor's expressed position concerning the piano and my understanding at the time that the order did not necessarily preclude his claim to that particular item.

20. At no time during the preparation of the original bankruptcy schedules did I possess a complete inventory of the residence's contents or sufficient information to determine the ownership and value of each item. The absence of such information, together with the urgency of the bankruptcy filing and the substantial limitations on communication with the incarcerated Debtor, affected the preparation of the schedules and the ability to amend them before the stipulation was filed.

21. The statements herein are intended to explain the circumstances surrounding the preparation of the bankruptcy schedules, my understanding of Docket No. 94 at the relevant time, the limitations on communications with the Debtor, and the circumstances under which I subsequently requested the Petrof piano.

22. I submit this declaration to explain my contemporaneous understanding of the stipulation, my lack of knowledge concerning the piano when the schedules and stipulation were prepared, and the circumstances surrounding my subsequent request for its return.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 19, 2026

Khach Law Group, PC

______________________________
Anita Khachikyan, Attorney for Debtor



KHACH LAW GROUP, PC
126 S Jackson St. Suite 203
Glendale, CA 91205
Tel: (818) 243.8500
Fax: (866) 577.6740

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**c/o Orion RRC, Behavioral Systems Southwest, 8141 Orion Avenue, Van Nuys, CA 91406**

A true and correct copy of the foregoing document entitled (*specify*):
**Declaration of Hovhannes Nazaryan; Declaration of Anita Khachikyan (Exhibit A)**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/05/2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Sanaz Sarah Bereliani, counsel for Plaintiff Mehran Javaherian, sanaz@berelianilaw.com**
**Brian David Fittipaldi, Trial Attorney, brian.fittipaldi@usdoj.gov**
**United States Trustee (SV) / Region 16, ustpregion16.wh.ecf@usdoj.gov**
**Nancy J. Zamora, Chapter 7 Trustee, nzamora@ecf.axosfs.com**

☐ Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**[No judge's copy is being provided. Judge Barash's procedures waive the judge's copy requirement under LBR 5005-2(d) except for motions to file under seal or when chambers specifically requests one.]**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/05/2026 | Hovhannes Nazaryan | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |